UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21211-BLOOM/Otazo-Reyes**

HERBER MANCILLA,
*individually and on behalf of
all others similarly situated*,

    Plaintiff,

v.

GR OPCO, LLC,
*doing business as*
E11EVEN MIAMI,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 19, 2022, Defendant GR OPCO, LLC ("Defendant") removed this case from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court. ECF No. [1] ("Notice"). The Court has carefully reviewed the Notice, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, this case is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

    **I.**    **BACKGROUND**

On March 8, 2022, Plaintiff Herber Mancilla ("Plaintiff") filed a lawsuit against Defendant in the Eleventh Judicial Circuit, asserting two claims against Defendant: (1) a violation of the Florida Telephone Solicitation Act ("FTSA") ("Count I"); and (2) a violation of the Telephone Consumer Protection Act ("TCPA") ("Count II"). *See* ECF No. [1-1]. Defendant thereafter removed the case to this Court on the basis of federal question jurisdiction over Count II and

supplemental jurisdiction over Count I. *See* ECF No. [1] ¶¶ 5-6. Defendant filed a Motion to Dismiss challenging the sufficiency of the claims pleaded and certain constitutional arguments refarding the TCPA and FTSA Acts. ECF No. [12] ("Motion"). Plaintiff filed his Response in Opposition, in which he withdrew Count II, leaving Count I as the sole remaining claim. *See* ECF No. [16] ("Response") at 1 n.1. Defendant's Reply followed. ECF No. [21] ("Reply"). The Court held a hearing on the Motion on July 11, 2022, where the Court inquired as to the basis for subject matter jurisdiction given Plaintiff's withdrawal of Count II. *See* ECF No. [22].

## II.     LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua*

*sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

### III.   DISCUSSION

Upon review of the record and in light of the parties' arguments at the Motion hearing, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

As an initial matter, 28 U.S.C. § 1367(c)(3) states that the court may, at its discretion, decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all claims over which it has original jurisdiction. In deciding whether to exercise its discretion to hear a state law claim, the court should consider judicial economy, convenience, fairness, and comity. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Moreover, the Eleventh Circuit has held that where a plaintiff's federal claim is dismissed prior to trial, dismissal of state law claims is "strongly encouraged." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

In this case, Plaintiff withdrew Count II, but he has not yet amended his Complaint to reflect the withdrawal of Count II. *See* ECF No. [16] at 1 n.1. At the hearing held on the Motion, in addressing the issue of subject matter jurisdiction, the Court specifically inquired whether Plaintiff intended to amend his Complaint to withdraw Count II if given the opportunity to do so. Plaintiff represented that he would, leaving only the state law claim before this Court. As such, in

the interest of judicial economy, the Court foregoes the requisite filing of an Amended Complaint and determines that Count II can no longer serve as the basis for federal question jurisdiction given that Plaintiff has effectively withdrawn the claim. Without federal question jurisdiction, the sole basis for subject matter jurisdiction is the Court's discretionary exercise of supplemental jurisdiction.

As noted above, the Court must consider judicial economy, convenience, fairness, and comity in deciding whether it should exercise its discretion to hear a state law claim. *See Rowe*, 279 F.3d at 1288. In addition, the Eleventh Circuit has held that "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Id.* Given that the nature of the sole remaining claim arises under a Florida state statute, and considering the early stage of the proceedings, the Court determines that judicial economy, convenience, and comity weigh in favor of remanding the case to state court. The Court also finds no reason why either party would be unfairly disadvantaged by remanding the case to state court.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

Case No. 22-cv-21211-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, July 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record